IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
April 11, 2006 Session

## STATE OF TENNESSEE v. COREY BIGGS

**Direct Appeal from the Circuit Court for Lake County**
**No. 04-CR-8576    R. Lee Moore, Jr., Judge**

_____

**No. W2005-01569-CCA-R3-CD  - Filed July 21, 2006**

_____


J.C. McLIN, Judge, dissenting.


Because I conclude the defendant's due process rights were violated by the introduction of unreliable pretrial identification evidence, I respectfully dissent.

Reliability is the linchpin in determining the admissibility of identification testimony. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). An identification that originates from an unnecessarily suggestive confrontation procedure violates due process unless the identification is determined to be reliable based upon the totality of the circumstances. *See Neil v. Biggers*, 409 U.S. 188, 196-99 (1972). The primary evil to be avoided is the substantial likelihood of misidentification. *Id*. at 198. *See also Kirby v. Illinois,* 406 U.S. 682, 691(1972) ("The Due Process Clause . . . forbids a lineup that is unnecessarily suggestive and conducive to irreparable mistaken identification."). Identification procedures employing a single-person photographic show-up are considered inherently suggestive and unfair to the accused. *See State v. Thomas*, 780 S.W.2d 379, 381 (Tenn. Crim. App. 1989). Due to its inherent suggestiveness, Tennessee courts have repeatedly condemned the use of a show-up to establish the identification of a person suspected of committing a criminal offense. *See id*.

As the majority points out, relevant inquiry into the reliability of the identification include the following factors: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. *Biggers*, 409 U.S. at 199-200. "Against these factors is

to be weighed the corrupting effect of the suggestive identification itself."[1]  *Brathwaite*, 432 U.S. at 114.

In the instant case, the record reflects that Agent Harrison showed Officer Thayer a single driver's license photograph of the defendant two months after the drug transaction had transpired. Therefore, it is my view that Agent Harrison employed an unnecessarily suggestive identification procedure.  Furthermore, it is readily apparent that the pretrial identification of the defendant was not reliable in that the indicators of Officer Thayer's ability to identify the defendant do not outweigh the corrupting effect of the challenged identification.  First, the record reflects that Officer Thayer's opportunity to view the suspect lasted about two minutes in duration.  Also, Officer Thayer's view of the suspect was limited in part to seeing the suspect drive by in his vehicle.  Only on one occasion did Officer Thayer observe the suspect face-to-face and this occasion lasted less than two minutes. Second, as the majority notes, Officer Thayer, as a trained and experienced police officer, was better suited to pay closer attention to the details of this drug transaction than a normal passing observer. However, "while a trained observer such as a police officer 'is somewhat less likely to make an erroneous identification than the average untrained observer, the mere fact that he has been so trained is no guarantee that he is correct in a specific case.  His identification testimony should be scrutinized just as carefully as that of the normal witness.'"  *Brathwaite*, 432 U.S. at 130 (Marshall J., dissenting) (citations omitted).  Moreover, "identifications made by policemen in highly competitive activities, such as undercover narcotics agents . . ., should be scrutinized with special care." *Id.*  In this case, Officer Thayer's degree of attention is undermined by his generic description of the suspect and his inability to identify the defendant at trial.  At trial, Officer Thayer was asked the question, "Would you describe that individual, what race was he?"  Officer Thayer stated he was a "black male" but did not elaborate further.  Also, Officer Thayer honestly acknowledged that he was unable to identify the defendant at trial as the suspect who sold him drugs.  This evidence clearly does not support the accuracy and certainty of Officer Thayer's pretrial identification.  Finally, Officer Thayer identified the defendant from a single photograph two months after the drug transaction.  It is well understood that the reliability of an identification decreases as time passes. *See id.* at 131.

---

[1] The majority states that the trial court need not apply the factors outlined in *Biggers* if it first determines that the identification procedure was not unnecessarily suggestive.  While this statement is correct, I reiterate that the United States Supreme Court and Tennessee courts have consistently condemned identifications based upon single-person show-ups as inherently and impermissibly suggestive.  *See, e.g.*, *Stovall v. Denno*, 388 U.S. 293, 302 (1967); *Thomas*, 780 S.W.2d at 381.  Therefore, it is my view that the impermissibly suggestive nature of this pretrial identification was readily apparent.  Because it was readily apparent, the trial court should have applied the factors outlined in *Biggers*.  In addition, it is my view that the facts of the pretrial identification were not in dispute.  Instead, resolution of this issue rested upon the trial court's application of law to the facts.  As such, after the trial court agreed to take up this particular issue, the court was required to address the defendant's due process concerns utilizing the applicable law.  Therefore, I determine appellate review to be a *de novo* review because the issue rested upon the trial court's application of law to the facts. *See State v. Ross*, 49 S.W.3d 833, 839 (Tenn. 2001).

In sum, I find that the evidence attributed to the reliability of Officer Thayer's identification of the defendant does not outweigh the corrupting influence of the suggestive display of the defendant's photograph two months after the drug transaction. Therefore, for these reasons, I respectfully dissent.

_____
J.C. McLIN, JUDGE